UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD PRICE TUCKER,

        Movant,

vs.   Case No.:   3:09-cr-372-J-34JRK

UNITED STATES OF AMERICA,

        Respondent.
_____/

### ORDER

This cause is before the Court on pro se Movant Richard Price Tucker's "Motion to Dismiss Indictment and Conviction for Lack of Jurisdiction Pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure." (Doc. 147, Motion).  After the government responded to the Motion (Doc. 150, Government's Response), the Court determined that Tucker's Motion was due to be denied because "it is well-established that the Federal Rules of Civil Procedure do not provide for relief from judgment in a criminal case." United States v. Martinez, 210 F. App'x 861, 863 (11th Cir. 2006) (emphasis in original); see also Doc. 152, Castro Order at 1.  Nevertheless, consistent with its duty to liberally construe pro se pleadings, the Court endeavored to identify a cognizable claim presented in the Motion. Because Tucker challenged the Court's subject-matter jurisdiction over his criminal case after the conviction and sentence had already become final, the Court observed that the appropriate vehicle for Tucker's claim was a motion to vacate under 28 U.S.C. § 2255. Castro Order at 2.  Accordingly, the Court notified Tucker that it intended to recharacterize his "Motion to Dismiss Indictment" as a § 2255 motion to vacate, with the consequence that any subsequent motion to vacate would be subject to the restrictions on second or

1

successive motions. Id. at 3.  Because such restrictions are significant, the Court gave Tucker the opportunity to withdraw the Motion or amend it to include "all other potential § 2255 claims Defendant believes he has." Id.  Thus, the Court issued a "Castro notice"[1] in order to allow Tucker the chance to fully present his claims.

Rather than withdraw the Motion or amend it to add new claims, Tucker filed a Reply to the Government's Response (Doc. 151, Reply), in which he repeated his jurisdictional argument, and a response to the Court's Castro order (Doc. 153, Tucker's Response) in which he asserted that the Court was acting as a foreign agent.  Having given Tucker notice consistent with the requirements of Castro, the Court now recharacterizes Tucker's "Motion to Dismiss Indictment" as a § 2255 motion to vacate.  Thus, if Tucker files another motion to vacate in the future, it will be regarded as a second or successive § 2255 motion.

Turning to the merits of Tucker's Motion, pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that an evidentiary hearing is not necessary to resolve the merits of this action.  See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or

---

[1] Under Castro v. United States, 540 U.S. 375, 383 (2003), before a district court recharacterizes a pro se litigant's pleading as a § 2255 motion, the court should (1) notify the litigant that it so intends to recharacterize the pleading, (2) notify the litigant that once the pleading is recharacterized, any subsequent motion to vacate will be subject to the restrictions on second or successive motions, and (3) give the litigant the opportunity to withdraw the motion or amend it to include all the claims he believes he has.

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (concluding that a petitioner's ineffective assistance claim can be dismissed without an evidentiary hearing when the petitioner alleges facts that, even if true, would not entitle him to relief); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) ("On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3]  This is so because for the reasons set forth below, Tucker's Motion is due to be denied.

**I.      Background**

On November 19, 2009, a grand jury sitting in the Middle District of Florida charged Tucker and two codefendants with one count of conspiring to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One), and one count of attempting to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. § 2 (Count Two). (Doc. 1, Indictment). On June 2, 2010, Tucker pled guilty to Count One of the Indictment pursuant to a written Plea Agreement. (See Doc. 91, Plea Agreement; Doc. 92, Report and Recommendation Concerning Plea of Guilty; Doc. 97, Acceptance of Plea of Guilty). Tucker does not challenge the voluntariness of his guilty plea.

---

[3]    Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

Prior to sentencing, the United States moved for a two-level reduction of Tucker's offense level, pursuant to § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), to reflect that Tucker had provided substantial assistance in the prosecution of another person involved in manufacturing methamphetamine. (See Doc. 125, Motion to Reduce Sentence). The Court granted the government's motion (see Doc. 126, Minute Entry), and on January 31, 2011, sentenced Tucker to a term of 70 months in prison, followed by a five-year term of supervised release (Doc. 127, Judgment at 2-3). The Clerk of the Court entered judgment on February 1, 2011. The record reflects that Tucker did not appeal his conviction or sentence. Therefore, his conviction and sentence became final 14 days later upon the expiration of the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1)(A), Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), or February 15, 2011. Tucker had one year from that date, or until February 15, 2012, to file a timely motion to vacate under 28 U.S.C. § 2255(f)(1). Tucker filed his Motion on July 26, 2013, and thus the Motion, construed as a Motion to Vacate, appears to be untimely. Tucker makes no effort to show that the Motion could be timely under § 2255(f)(2-4).

## II.    Discussion

Although Tucker's § 2255 motion is untimely, he argues that the Court lacked subject-matter jurisdiction to convict and sentence him. Both the Supreme Court and the Eleventh Circuit Court of Appeals have held that challenges to a court's subject-matter jurisdiction cannot be waived, forfeited, or procedurally barred. United States v. Cotton, 535 U.S. 625, 630 (2002); United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). "Since jurisdictional error implicates a court's power to adjudicate the matter before it,

4

such error can never be waived by parties to litigation. In other words, the doctrine of procedural default does not apply." Peter, 310 F.3d at 712-13 (internal citation omitted). Thus, even though Tucker's Motion is untimely, the Court will consider his jurisdictional challenge.

Upon review of the record, the Court concludes that Tucker's jurisdictional arguments lack any merit. Tucker's first argument seems to be that the federal grand jury had no authority to indict him because the Indictment was based on evidence of conduct for which the State of Florida declined to charge him. Motion at 1-2. Tucker assumes, without providing any support, that the State of Florida declined to prosecute him because there was "insufficient evidence." Id. at 2.[4] Thus, Tucker suggests that if Florida declined to prosecute him, the United States could not do so without first obtaining Florida's permission. See id. Tucker, however, provides no support for the proposition that the federal government requires a state's authorization to prosecute a United States citizen for violating the laws of the United States.

Each American citizen is a citizen of two governments, the United States and one of its several states or territories. Bartkus v. Illinois, 359 U.S. 121, 131 (1959).

> ***He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both.
>
> That either or both may (if they see fit) punish such an offender, cannot be doubted.***

---

[4] There is no indication that the State of Florida declined to prosecute Tucker because it lacked sufficient evidence to do so. Moreover, a district court may not dismiss an indictment based on factual insufficiency because the sufficiency of "a criminal indictment is determined from its face." United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004).

Id. at 131-32 (quoting Moore v. Illinois, 55 U.S. 13, 20 (1852)) (internal citation omitted) (emphasis added).  Thus, the United States, as a separate sovereignty, has authority to charge an individual for violating the laws of the United States, regardless of whether he has been convicted or acquitted of violating state law with respect to the same transaction. See Abbate v. United States, 359 U.S. 187, 193-96 (1959); Bartkus, 359 U.S. at 131-36. It follows that the United States also can charge an individual for conduct which a state has declined to prosecute at all, because "[w]e have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory.*** Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other." Abbate, 359 U.S. at 194 (quoting United States v. Lanza, 260 U.S. 377, 382 (1922)); cf. Gonzales v. Raich, 545 U.S. 1, 29-30 (2005) (United States had authority to enforce federal laws against the personal cultivation and use of marijuana, even where such limited use was permitted under state law for medicinal purposes).

So long as an indictment charges a defendant with violating the "laws of the United States," it is sufficient to vest subject-matter jurisdiction in a federal court.  United States v. Brown, 752 F.3d 1344, 1348 (11th Cir. 2014) (citing Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000)).  That is because "[t]he district courts of the United States have original and exclusive jurisdiction over 'all offenses against the laws of the United States.'" Peter, 310 F.3d at 713 (quoting 18 U.S.C. § 3231); see also U.S. Const. art. III, § 2, cl. 1 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority…").  A defective indictment will strip a federal court of subject-matter

6

jurisdiction only if it charges (1) a crime that simply did not exist in the United States Code, (2) conduct that undoubtedly fell outside the sweep of the criminal statute, or (3) a violation of a regulation that was not intended to be a "law" for the purpose of criminal liability.  Brown, 752 F.3d at 1353 (internal citations omitted).  None of these narrow exceptions applies here, and Tucker does not so argue.  Here, the grand jury charged Tucker with manufacturing and conspiring to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting his codefendants in the manufacture of methamphetamine in violation of 18 U.S.C. § 2.[5]  Indictment at 1-2.  Thus, the grand jury indicted Tucker and his codefendants for conduct violating the laws of the United States.  Therefore, the judicial power of this Court properly extended to Tucker's criminal case.

Tucker bases his second jurisdictional argument on 40 U.S.C. § 255, which has been replaced by 40 U.S.C. §§ 3111 and 3112.  These statutes relate only to the procurement of exclusive jurisdiction by the federal government over lands that it purchases.  They have no bearing on the authority of the United States to punish a defendant for violating federal law, wherever he is in the country.  To the extent Tucker thinks that the only source of federal jurisdiction is where federal property is involved, he is mistaken.  Put simply, federal jurisdiction plainly exists where an individual violates the laws of the United States.  U.S. Const. art. III, § 2, cl. 1; 18 U.S.C. § 3231.  The prohibition

---

[5] Tucker raises no argument challenging the authority of Congress, under the Controlled Substances Act, to outlaw the production, distribution, sale, or possession of methamphetamine, as codified at 21 U.S.C. § 841 and other provisions.  Nor would Tucker succeed if he had.  In Gonzales v. Raich, the Supreme Court held that Congress has the power under the Commerce Clause to regulate the personal use and cultivation of marijuana, even where such activity is purely local, because cumulatively such activity can substantially affect the interstate market for the drug.  545 U.S. at 15-22.  The Court's analysis is equally applicable to the manufacture, sale, and distribution of methamphetamine.  Thus, § 841 is constitutional as applied to Tucker.

on the production, distribution, sale, or possession of methamphetamine, codified at 21 U.S.C. § 841, is a law of the United States, and part of a statutory framework properly enacted under Congress' Commerce Clause power. See Raich, 545 U.S. at 15-22. Accordingly, this argument fails as well.

Because each of Tucker's jurisdictional arguments lacks merit, his Motion, construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255, is due to be denied.

### III.    Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Tucker seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). To make this substantial showing, Tucker "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Richard Price Tucker's Motion to Dismiss Indictment (Doc. 147, Motion) is **DENIED**.

2. The Clerk shall open a new civil file for Richard Price Tucker, place his "Motion to Dismiss Indictment" (Doc. 147) in the civil file, and characterize it as a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.

3. The Clerk shall docket this Order, enter judgment in favor of the United States and against Richard Price Tucker, and close the file.

4. If Tucker appeals the denial of the petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of February, 2015.

MARCIA MORALES HOWARD
United States District Judge

Lc19
Copies:
Counsel of Record
pro se party