UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD PRICE TUCKER,

    Petitioner,

v.                                        Case No. 3:09-cr-372-MMH-LLL

UNITED STATES OF AMERICA,

    Respondent.

## O R D E R

**THIS CAUSE** is before the Court on Petitioner's Motion for Writ of Error Audita Querela (Doc. 170; Third Motion), filed on October 15, 2019. The Government filed a response in opposition on November 5, 2019. See United States' Response in Opposition to Tucker's Pro Se Motion for Writ of Audita Querela (Doc. 172; Response). Accordingly, this matter is ripe for review.

### I. Background

On June 2, 2010, Tucker pled guilty pursuant to a written plea agreement to one count of conspiring to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. See Plea Agreement (Doc. 91); Report and Recommendation Concerning Plea of Guilty (Doc. 92); Acceptance of Plea of Guilty (Doc. 97). On January 31, 2011, the Court sentenced Tucker to a term of 70 months in prison, followed by five

years of supervised release. See Clerk's Minutes (Doc. 126); Judgment (Doc. 127), entered February 1, 2011.

On July 26, 2013, Tucker filed a Motion to Dismiss Indictment and Conviction for Lack of Jurisdiction Pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure (Doc. 147; First Motion). Pursuant to Castro v. United States, 540 U.S. 375 (2003), the Court recharacterized the First Motion as a request for post-conviction relief under 28 U.S.C. § 2255. See Order (Doc. 152; First Order), entered October 23, 2013; Castro, 540 U.S. at 383. The Court informed Tucker of the implications of this recharacterization and provided him an opportunity to withdraw or amend his motion according to the rules set out in Castro. See First Order at 2–3; Castro, 540 U.S. at 383.[1] Tucker did not withdraw or amend the First Motion. See Response (Doc. 153), filed November 25, 2013. Accordingly, the Court construed Tucker's motion as a § 2255 motion and denied it on the merits. See Order (Doc. 162), entered February 26, 2015.

On September 30, 2015, Tucker filed a second § 2255 motion. See Motion Pursuant to Title 28 U.S.C. § 2255(h)(2) (Doc. 166; Second Motion). The Court dismissed the Second Motion without prejudice, however, because the Eleventh Circuit had not authorized its filing as required by § 2255(h). See

---

[1] The Court warned Tucker that any subsequent motion he may file pursuant to § 2255 would be subject to the restrictions on second or successive motions. Specifically, Tucker would be required to obtain authorization from the 11th Circuit Court of Appeals in order to file a second or successive § 2255 motion. See First Order at 2–3.

Order (Doc. 167), entered October 14, 2015. On October 15, 2019, Tucker filed the present motion pursuant to 28 U.S.C. § 1651. See Third Motion at 1.

## II. Discussion

In the Third Motion, Tucker contends that "this is a Writ of Error Audita Querela pursuant to Title 28 U.S.C. § 1651 'NOT' a motion pursuant to Title 28 U.S.C. § 2255." Id. Despite Tucker's characterization, the Third Motion challenges the constitutionality of his conviction and sentence, and is properly construed as a motion for post-conviction relief under 28 U.S.C. § 2255. Id. at 4. Because the record does not reflect that Tucker has sought or obtained authorization from the Eleventh Circuit to file a second or successive motion for post-conviction relief, the Third Motion is due to be denied.

"Audita querela, Latin for 'the complaint having been heard,' [is] an ancient writ used to attack the enforcement of a judgment after it [has been] rendered." United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005) (quoting Black's Law Dictionary 126 (7th ed. 1999)). When a petitioner is proceeding pro se, and is "collaterally attacking his sentence as violating the United States Constitution," the Eleventh Circuit has held that district courts may "liberally construe [the petitioner's] audita querela motion as a § 2255 motion." Id. at 1175 (citing Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997)). This is so because "a writ of audita querela may not be granted when relief is cognizable under § 2255." Id. Additionally, 28 U.S.C. § 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In the Third Motion, Tucker challenges the constitutionality of his conviction and sentence. See Third Motion at 4. First, he argues that the Government failed to "sustain its burden of proof of the requisite elements of the crime under 21 U.S.C. § 846 and § 841," and that this failure violated his right to due process. Id. at 4, 8. Tucker is correct in asserting that a conviction without sufficient proof of evidence is a violation of due process, see In re Winship, 397 U.S. 358, 362 (1970) (citing Brinegar v. United States, 338 U.S. 160, 174 (1949)), but this means that his claim is cognizable under § 2255 because he is arguing that his sentence violates the Constitution. Second, Tucker argues that he was not provided effective assistance of counsel. See Third Motion at 4. But, by referencing the Sixth Amendment, Tucker concedes that this claim is constitutional in nature, and would also be cognizable under § 2255. Thus, because both of Tucker's claims challenge the constitutionality of his conviction and sentence, the Court construes his writ of audita querela as a motion for post-conviction relief under § 2255. See Holt, 417 F.3d at 1175. And,

because Tucker has not received authorization from the Eleventh Circuit to file a successive § 2255 petition, the Court lacks jurisdiction to consider the Third Motion. See id. ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

Accordingly, it is

**ORDERED:**

Petitioner's Motion for Writ of Error Audita Querela (Doc. 170) is **DENIED without prejudice** to his right to re-file it if the Eleventh Circuit Court of Appeals grants him permission to do so.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of December, 2024.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

Lc32

Copies to:
Counsel of Record